[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action brought by the plaintiff for nonpayment of rent. CT Page 1665
There is no dispute that the parties entered in to a written lease for a three-year period, commencing August 1, 1994 and ending July 31, 1997, for a monthly rental of $1449.00. The lease contained an option to renew which provided, in relevant part, that "Such option to renew shall be exercised by the LESSEE by giving written notice by registered or certified mail to the LESSOR, not less than three (3) months prior to the expiration of the then existing term."
The parties differ as to when the defendant gave notice that she wanted to exercise the option to renew; however, even accepting the defendant's version of the facts, the earliest date that she gave notice to the plaintiff was September 5, 1997. The original lease term ended July 31, 1997. The notice, admittedly tardy, was not sent by registered or certified mail. The defendant did not, therefore, exercise her option to renew in accordance with the terms of the lease.
Commencing in October of 1997, and for a period of eleven months thereafter, the defendant tendered, and the plaintiff accepted, monthly payments of $1477.98 without objection. "The fact that the defendant in this case held over in possession of the property after the expiration of [her] lease . . . did not in itself create a lease for the subsequent month." Welk v. Bidwell,136 Conn. 603, 607 (1950). "The conduct of the parties may raise an oral contract of leasing between the parties by implication."Jubilee Builders, Inc. v. Pelletier et al, SPH 8305-4683 (July 1, 1983) (Maloney, J., Hartford #421).
In the present case, the defendant's monthly tenders of payment, which she characterized as rent, coupled with the plaintiff's monthly rental invoices to the defendant, bear all of the indicia of a leasing arrangement. It is reasonable, then, to conclude that the parties had entered into an oral month to month lease.
As of the date of service of the notice to quit, September 28, 1998, the rent for the month of September remained unpaid. The defendant tendered payment on September 29, 1998, which the plaintiff accepted as use and occupancy. The only remaining issues, then, are whether the defendant's late payment is somehow excused, and whether the equitable doctrine against forfeitures applies to the present case.
 The factors considered by these courts in deciding whether to CT Page 1666 grant equitable relief in nonpayment cases are . . . (1) whether, in the absence of equitable relief, one party will suffer a loss "wholly disproportionate to the injury to the other party" . . . and (2) whether the injury to the other party is reparable.
Fellows v. Martin, 217 Conn. 57, 66 (1991).
 A court of equity will apply the doctrine of clean hands to a tenant seeking such equitable relief; thus, a tenant whose breach was "willful" or "grossly negligent" will not be entitled to relief.
Fellows v. Martin, supra at 67.
The defendant's testimony about the September nonpayment was that the landlord did not send an invoice for payment, as was his usual practice: ". . . it was the first time I had not gotten such an invoice, and inadvertently didn't give the invoice, since I didn't have it, to my bookkeeper, so it didn't get paid." (Trial transcript, p. 56).
Although this suggests the defendant's inattention to a detail that is very important in a commercial situation, it cannot be said that the single instance of nonpayment rises to the level of "gross negligence" or "willful" conduct on the part of the defendant.
It is clear that the injury to the plaintiff is reparable. The defendant did make her payment for the month of September within one day of receiving the notice to quit and has continued to make use and occupancy payments on a monthly basis.
Finally, it is also clear that the defendant, if put out of possession, will suffer a loss "wholly disproportionate to the injury" to the plaintiff who, at this point, has been compensated fully for rental payments due to it. For all of the foregoing reasons, judgment may enter in favor of the defendant.
BY THE COURT
Leavitt, J. CT Page 1667